ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| LUIS HIRAM QUIÑONES SANTIAGO<br><br>Recurrente<br><br><br>v.<br><br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2025RA00115 | Revisión Administrativa procedente de Departamento de Corrección y Rehabilitación<br><br><br>Núm.: GMA1000-273-25<br><br><br>Sobre: Solicitud de remedio administrativo |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero

Ortiz Flores, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 28 de agosto de 2025.

Comparece *in forma pauperis* y por derecho propio el señor Luis Hiram Quiñones Santiago (Sr. Quiñones; recurrente) y nos solicita la revisión de una determinación emitida por el Departamento de Corrección y Rehabilitación (DCR) sobre una solicitud de remedio relacionada con una situación en el área de cocina en el Complejo Correccional de Guayama donde se encuentra recluido. El recurrente presentó, el 16 de julio de 2025, una *Solicitud y declaración para que se exima de pago de arancel por razón de indigencia* que se declara Ha Lugar.

Adelantamos que se confirma la determinación administrativa recurrida sin trámite ulterior bajo lo dispuesto en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5).[1]

**I**

El Sr. Quiñones presentó ante nosotros un escrito titulado *Apelación*[2] firmado el 14 de julio de 2025, enviado por correo y radicado

---

[1] Esta regla nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho".

[2] Se acoge como un recurso de revisión judicial de un dictamen administrativo.

en la Secretaría del Tribunal de Apelaciones el 16 de julio de 2025. En este, el recurrente expone que las bandejas del área de cocina han llegado sucias y que los fregaderos disponibles para lavar las mencionadas bandejas carecen de agua caliente, puesto que dicho servicio se encuentra dañado hace unos meses. Por tal motivo, el 27 de febrero de 2025 el Sr. Quiñones Santiago sometió una *Solicitud de Remedio Administrativo* donde alegó que en las fechas del 26 y 27 de febrero de 2025 las bandejas del desayuno estaban sucias y se tuvieron que lavar en la bañera.[3] El 19 de marzo de 2025, ponchado por el DCR el 23 de mayo de 2025, hubo respuesta al respecto. En esta, la señora Noelia Laracuente Rivera indicó que se le había informado al recurrente que las bandejas no estaban sucias, sino que estas se habían limpiado, luego lavado con detergente y posteriormente pasadas por agua caliente y desinfectante. De igual manera añadió que había sido ella misma quien las había verificado.[4]

Insatisfecho con la respuesta recibida, el 9 de junio de 2025 el Sr. Quiñones Santiago presentó una *Solicitud de Reconsideración*[5] la cual fue denegada el 23 de junio de 2025 y notificada al recurrente el 8 de julio de 2025.[6] Inconforme con la mencionada denegatoria, el Sr. Quiñones Santiago señala la comisión de los siguientes errores:

> Err[ó] el Departamento de Correcci[ó]n y Rehabilitaci[ó]n [porque] ha incumplido con el Manual de Servicio de Alimentos y Programa de Evaluación y Supervisión de Calidad de servicios brindados por la compañía contratada para ofrecer servicios de alimentos y el Manual sobre el Plan de Mantenimiento y Salud Ambiental[.]

> Err[ó] el Departamento de Correcci[ó]n y Rehabilitaci[ó]n en no repara[r] el [á]rea donde se lavan las bandejas y el [á]rea de las placas para que cuente con agua caliente[,] esta deficiencia lleva muchos meses sin que se tome acci[ó]n corre[c]tiva[.]

Como adelantáramos, hemos examinado el recurso presentado; y en ánimo de promover el «más justo y eficiente despacho» del asunto ante

---

[3] Apéndice del recurso, Anejo 1.
[4] Apéndice del recurso, Anejo 2.
[5] Apéndice del recurso, Anejo 3.
[6] Apéndice del recurso, Anejo 4.

nuestra consideración, optamos por prescindir de los términos y escritos ulteriores de conformidad con la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, *supra.*[7]

**II**

Los procedimientos y las decisiones de las agencias administrativas están cobijados por una presunción de regularidad y corrección. Por ello, la revisión judicial de las determinaciones administrativas se limita a examinar si la actuación de la agencia fue razonable, y solo cede cuando la decisión no está basada en evidencia sustancial, cuando la agencia ha errado en la aplicación de la ley, o cuando su actuación es irrazonable o ilegal. *Caribbean Communications v. Pol. de P.R.*, 176 DPR 978, 1006 (2009).

La norma general es que las decisiones de los organismos administrativos deben ser consideradas con gran deferencia por los tribunales apelativos, por razón de la experiencia y pericia de las agencias respecto a las facultades que se les han delegado. *JP, Plaza Santa Isabel v. Cordero Badillo,* 177 DPR 177, 186 (2009). Sus decisiones deben ser respetadas a menos que la parte recurrente establezca que hay evidencia en el expediente administrativo suficiente para demostrar que la agencia no actuó razonablemente. *Borschow Hosp. v. Jta. de Planificación*, 177 DPR 545, 566 (2009).

Por lo tanto, para convencer al tribunal de que la evidencia utilizada por la agencia para formular una determinación de hecho no es sustancial, la parte afectada debe demostrar que existe otra prueba en el récord que reduzca o menoscabe el valor probatorio de la evidencia impugnada hasta el punto de que no pueda ser concluido que la determinación de la agencia fue razonable de acuerdo a la totalidad de la prueba que tuvo ante su consideración. *Polanco v. Cacique Motors*, 165 DPR 156, 170 (2005).

---

[7] La citada norma procesal establece lo siguiente: "El Tribunal de Apelaciones tendrá la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho, y proveer el más amplio acceso al tribunal, de forma que no se impida impartir justicia apelativa a los ciudadanos". 4 LPRA Ap. XXII-B, R. 7 (B) (5).

En cuanto a las conclusiones de derecho, éstas serán revisables en todos sus aspectos por el tribunal. Los tribunales, como conocedores del derecho, no tienen que dar deferencia a las interpretaciones de derecho que hacen las agencias administrativas. *Olmo Nolasco v. Del Valle Torruella*, 175 DPR 464, 470 (2009). Estos están en la misma posición que la agencia al evaluar la prueba documental y pericial. *Rebollo v. Yiyi Motors*, 161 DPR 69, 78 (2004). A pesar de ello, los tribunales no pueden descartar liberalmente las conclusiones e interpretaciones de la agencia. *JP, Plaza Santa Isabel v. Cordero Badillo, supra*, pág. 187.

**III**

Luego de examinar el expediente del caso resolvemos que no se cometieron los errores señalados. No surge de los autos prueba alguna que respalde las alegaciones del recurrente o que tienda a indicar que el DCR actuó irrazonablemente. Acorde con lo intimado anteriormente, los procedimientos administrativos gozan de una presunción de corrección que los tribunales revisores deben respetar, salvo que se demuestre lo contrario mediante prueba. En ausencia de prueba que demuestre la falta de razonabilidad en cuanto a la determinación recurrida, prevalece la presunción de corrección de los procedimientos administrativos llevados a cabo por el DCR, por lo que debemos confirmar.

**IV**

Por los fundamentos antes expuestos, se confirma la determinación recurrida.

Notifíquese.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones